**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| B.W., a Minor, through his Guardian, JULIE WIESS, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>INVITAE CORPORATION,<br><br>Defendant. | Case No. 1:26-cv-08376 |

**NOTICE OF REMOVAL OF DEFENDANT INVITAE CORPORATION**

Defendant Invitae Corporation ("Invitae") hereby removes this putative class action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois. In this action, Plaintiff B.W., through his guardian, Julie Wiess ("Plaintiff"), brings one count against Invitae for an alleged violation of the Illinois Genetic Information Privacy Act ("GIPA") on behalf of himself and a putative class. This Court has jurisdiction for at least two independent reasons: (1) the complaint arises out of Invitae's chapter 11 case before the Bankruptcy Court for the District of New Jersey; and (2) the complaint is subject to the Class Action Fairness Act ("CAFA") because there is minimal diversity, the proposed class consists of over 100 members, and the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d), 1334, 1441, 1446, 1452, 1453(b), Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9027.

Upon removal, Invitae intends to move this Court to transfer this case to the United States District Court for the District of New Jersey for automatic referral to the United States Bankruptcy

Court for the District of New Jersey (the "New Jersey Bankruptcy Court"), where Invitae's chapter 11 case has been and is being administered.

## I. GROUNDS FOR REMOVAL

1. There are two independent reasons for this Court's jurisdiction: (1) this case arises from Invitae's chapter 11 case that is being administered by the New Jersey Bankruptcy Court; and (2) CAFA confers jurisdiction on this Court. *See* 28 U.S.C. §§ 1332(d), 1334, 1441, 1446, 1452, 1453(b), Bankruptcy Rule 9027.

### A. This case arises from Invitae's chapter 11 case before the New Jersey Bankruptcy Court.

2. On February 13, 2024, Invitae filed a voluntary chapter 11 petition in the New Jersey Bankruptcy Court and sought court approval to sell its assets ("Invitae Bankruptcy"). (*In re Invitae Corp.*, No. 24-11362-MBK (Bankr. D.N.J.) (Kaplan, J.); Ex. A, Compl. ¶ 16).

3. On April 30, 2024, Invitae announced that it had entered into an Asset Purchase Agreement ("APA") with Labcorp Genetics, Inc. ("Labcorp") for the purchase of Invitae and all non-excluded assets pursuant to sections 105, 363, and 365 of the Bankruptcy Code. (Ex. A, Compl. ¶ 17).

4. On May 7, 2024, the New Jersey Bankruptcy Court approved the sale of Invitae to Labcorp pursuant to the terms in the APA (the "Sale Order"). (Ex. B, Invitae Bankr. ECF No. 463).

5. The Sale Order specifies that the New Jersey Bankruptcy Court retains "***exclusive jurisdiction to***, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the Labcorp APA" and to "adjudicate, if necessary, any and ***all disputes concerning or relating in any way to the Sale Transaction***." (*Id.* ¶ 41) (emphasis added).

6. On August 2, 2024, the New Jersey Bankruptcy Court confirmed the Third Amended Joint Plan of Invitae Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (the "Plan"). The Plan endorses Labcorp's purchase of "substantially all" of Invitae's assets, subject to exclusions set forth in the APA. (Ex. C, Invitae Bankr. ECF No. 913 at 79, 87-88).

7. The confirmed Plan provides for the release and discharge of Claims against Invitae. It also provides for procedures Holders of Claims must follow to bring any non-released Claims against Invitae following Plan confirmation. (*See id.* at 118–122).

8. Specifically, Article VIII.D of the Plan provides that Holders of Claims and Interests under the Plan are deemed to have irrevocably released and discharged such claims against the Debtors, including any claims or causes of action relating to "the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or filing of the TSA, the Disclosure Statement, ***the Plan, the Sale Transaction, the Asset Purchase Agreement*** . . . or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date." (*Id.* at 120) (emphasis added).

9. Article VIII.F of the Plan also provides for an injunction to enforce the releases, stating that Holders of "any Claim or Interest that is subject to the releases and exculpations set forth in the Plan shall be precluded and permanently enjoined on and after the Effective Date from enforcing, pursuing, or seeking any setoff or relief with respect to such Claims or Interests." (*Id.* at 121) (emphasis added).

10. Article VIII.D of the Plan also contains a gatekeeper provision covering any non-released Claims and Causes of Action. Holders of Claims that are not subject to the releases must nonetheless obtain "a Final Order from the Bankruptcy Court (a) determining, after notice and a

hearing, that such Claim or Cause of Action is not subject to the releases contained in Article VIII.C of the Plan, and (b) specifically authorizing such Person or Entity to bring such Claim or Cause of Action against any such Released Party." (*Id.*). The New Jersey Bankruptcy Court expressly retains sole and exclusive jurisdiction to determine whether a given Holder of a Claim has satisfied the gatekeeper provision. (*Id.*).

11. Article XI of the Plan states that, among other terms, the "Bankruptcy Court shall retain ***exclusive jurisdiction*** over all matters ***arising out of***, or ***related to*** the Chapter 11 Cases and the Plan pursuant to Sections 105(a) and 1142 of the Bankruptcy Code," including the continuing jurisdiction to:

- Resolve any cases, controversies, suits or disputes that may arise in connection with the ***interpretation of the Sale Order***.
- Resolve any cases, controversies, suits, disputes, or Causes of Action that may arise in ***connection with the Consummation, interpretation, or enforcement of the Plan*** or any Entity's obligations incurred in connection with the Plan.
- Resolve any cases, controversies, suits, disputes, or Causes of Action with respect to the ***releases, injunctions, discharges, and exculpations contained in the Plan***.
- Hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Plan or the Confirmation Order, including ***disputes arising under agreements, documents, or instruments executed in connection with the Plan***.

(*Id.* at 124–25) (emphasis added).

12. On June 11, 2026, B.W. filed his complaint against Invitae on behalf of himself and a putative class in the Circuit Court of Cook County, Illinois. (*See generally* Ex. A, Compl.).

13. Plaintiff's complaint alleges that in or around February 2024, he underwent "genetic testing by Invitae as part of his treatment at an Advocate Children's health facility" in which "his genetic material was sequenced." Plaintiff claims that he and his guardian "reasonably

believed . . . that the information submitted on [his] behalf to Invitae would be kept confidential, private, and secure and that it would never be received by third parties. . . ” (*Id.* ¶¶ 26, 27, 28).

14. Plaintiff alleges that Invitae violated GIPA when it allegedly “integrat[ed] genetic test results from Invitae’s patients” into Labcorp as part of Invitae’s chapter 11 asset sale and “did not seek consent from its patients prior to sharing their genetic data” when Labcorp acquired Invitae as part of Invitae’s chapter 11 asset sale. (*Id.* ¶¶ 18, 19, 20).

15. Plaintiff seeks to represent a class of “all Illinois residents whose genetic information was disclosed and/or released by Invitae to Labcorp” pursuant to the Chapter 11 asset sale. (*Id.* ¶ 32).

16. Plaintiff’s decision to file this complaint in Illinois state court, in spite of the foregoing provisions of the Sale Order and the Plan, clearly violates both the Sale Order and the Plan. Given that this lawsuit focuses entirely on the terms of the APA entered into by Invitae and Labcorp and the Sale Order issued by the Court, it falls directly within the scope of the exclusive jurisdiction provisions entered by the New Jersey Bankruptcy Court as part of valid, binding orders.

17. Pursuant to 28 U.S.C. § 1452(a), Invitae “may remove any claim or cause of action in a civil action … to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of [Title 28].” The Northern District of Illinois is the district in which this civil action is pending. Plaintiff filed this lawsuit in the Circuit Court of Cook County, Illinois.

18. 28 U.S.C. § 1334(b) in turn confers subject matter jurisdiction on federal district courts over “all civil proceedings ***arising under title 11, or arising in*** or related to ***cases under title 11***.” (emphasis added). Proceedings “arising under” title 11 or “arising in” a case under title

11 "are within the core jurisdiction of the bankruptcy court." *In re Conseco, Inc.*, 330 B.R. 673, 681 (Bankr. N.D. Ill. 2005). Federal statute provides a non-exhaustive list of such core proceedings, including: "matters concerning the administration of the estate;" "determinations as to the dischargeability of particular debts;" "confirmation of plans;" and "orders approving the sale of property[.]" 28 U.S.C. § 157(b)(2).

19. As shown above, Plaintiff's complaint implicates the administration of Invitae's estate, raises questions as to the dischargeability of Plaintiff and the putative class's Claims; relates directly to multiple provisions in Invitae's confirmed Plan; and pertains directly to the order approving the sale of Invitae's property. In other words, the instant case is a "core" proceeding several times over and falls squarely within federal jurisdiction.

20. Pursuant to Bankruptcy Rule 9027(a)(1)(B), Invitae states that it consents to the entry of a final order or judgment by a bankruptcy court.

**B. The Class Action Fairness Act independently confers federal jurisdiction.**

21. Under CAFA, this Court also has jurisdiction over putative class actions in which (1) minimal diversity exists; (2) the proposed class consists of least 100 members; and (3) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(1)(B) (defining "class action" to include state law class actions); 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 1332(d)(5)(B) (requiring at least 100 members in proposed class); 1453(b) (permitting removal of class actions under section 1446); and 1446 (permitting removal). Each requirement is satisfied here, and thus CAFA provides an independent basis for removal.

22. *First*, minimal diversity exists because at least one "member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Here, Plaintiff

alleges he is a citizen of Illinois. (Ex. A, Compl. ¶ 11). Under section 1332, corporations are considered citizens of their state of incorporation and their principal place of business. 28 U.S.C. § 1332(c)(1). Invitae was incorporated in Delaware, and its principal place of business was in California. (Ex. A, Compl. ¶ 10; Ex. D, Invitae Bankr. ECF No. 1).

23. *Second*, Plaintiff purports to bring this action on behalf of "all Illinois residents whose genetic information was disclosed and/or released by Invitae to Labcorp, according to Invitae's records." (Ex. A, Compl. ¶ 32). Plaintiff further alleges that in Illinois, "there are thousands of members of the class, making the members of the Class is so numerous that joinder of all members is impracticable." (*Id.* ¶ 34). Accordingly, the proposed class consists of more than 100 members in accordance with CAFA's requirement. 28 U.S.C. § 1332(d)(5)(B).

24. *Third*, the amount in controversy plausibly "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA requires that "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6). Defendants need only show that there is a "reasonable probability that the stakes exceed" $5 million. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). The amount in controversy "is a pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (internal citation omitted). "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, . . . the case belongs in federal court unless it is ***legally impossible*** for the plaintiff to recover that much." *Id*. at 764 (citation omitted) (emphasis added).

25. The proposed class in this case is comprised of "[a]ll Illinois residents whose genetic information was disclosed and/or released by Invitae to Labcorp." (Ex. A, Compl. ¶ 32). As noted above, Plaintiff estimates this group consists of thousands of individuals in Illinois. (*Id.*

¶ 43). Because the complaint alleges that ***each*** member of the class is entitled to statutory damages of up to $15,000 for ***each*** willful violation of the statute, even if Plaintiff alleged only one statutory violation per person, the stakes exceed $5,000,000 (1,001 X $15,000 = $15,015,000). *See Blomberg*, 639 F.3d at 763 (holding "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence").

## II. COMPLIANCE WITH THE REMOVAL STATUTE

26. Finally, the procedural requirements for removal have been satisfied.

27. Pursuant to 28 U.S.C. § 1446(b) and Bankruptcy Rule 9027(a)(2), this Notice of Removal is timely because it is being filed within 30 days of June 16, 2026, the date on which Plaintiff served Invitae with the summons and the complaint. (Ex. E, Proof of Service). The deadline for removal is July 16, 2026. *See, e.g.*, *In re Talon Holdings, Inc.*, 221 B.R. 214, 218 (N.D. Ill. 1998) ("The procedure under Bankruptcy Rule 9027(a) is similar to the procedure under 28 U.S.C. § 1446(a), which also provides that the removal of a case from a state court to a federal court is accomplished through the filing of a notice of removal."); *In re Tandem Enters., Ltd.*, 124 B.R. 283, 286 (N.D. Ill. 1991) ("Like Bankruptcy Rule 9027(a)(3), § 1446 requires a removal application to be filed within 30 days of the defendant having received service of the initial pleading filed.").

28. Additionally, pursuant to 28 U.S.C. § 1446(a) and Bankruptcy Rule 9027(a)(1), copies of all process and pleadings from the Circuit Court docket in the removed action as of the time of the filing of this Notice of Removal are attached as Exhibits A and F through H (Ex. A, Complaint; Ex. F, Summons; Ex. G, Notice of Motion; Ex. H, Motion for Class Certification; Ex. I, Electronic Notice of Court Date; Ex. J, Electronic Notice of Court Date; Ex. K, Circuit Court Docket).

29. Pursuant to 28 U.S.C. § 1446(d) and Bankruptcy Rule 9027(c), Invitae will serve written notice of this Notice of Removal upon Plaintiff through his counsel of record. Invitae will also file a copy of this Notice of Removal with the Circuit Court of Cook County, Illinois.

30. By removing the Complaint, Invitae does not waive any claims or defenses, which it hereby expressly preserves.

Dated: July 15, 2026

Respectfully submitted,

By: */s/ Martin L. Roth*

Martin L. Roth, P.C.
Alyssa C. Kalisky, P.C.
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
martin.roth@kirkland.com
alyssa.kalisky@kirkland.com

-and-

Jeffrey Ross Goldfine, P.C. (*pro hac vice* forthcoming)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
jeffrey.goldfine@kirkland.com

*Attorneys for Invitae Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2026, the foregoing document was filed using the CM/ECF system and I caused the foregoing document to be electronically transmitted via electronic mail and U.S. mail to the following:

Eugene Y. Turin
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th FL
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com

Robert K. Shelquist
CUNEO GILBERT & LADUCA, LLP
5775 Wayzata Blvd., Suite 620
St. Louis Park, MN 55416
Tel: (612) 254-7288
rshelquist@cuneolaw.com

*Attorneys for Plaintiff and the Putative Class*

Respectfully submitted,

*/s/ Martin L. Roth*