# Exhibit A

For updated information about your case, including hearings, subsequent filings and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
6/11/2026 12:12 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2026CH05573
Calendar, 9
38507988

| | | |
|---|---|---|
| B.W. a Minor, through his Guardian, JULIE WIESS, individually and on behalf of similarly situated individuals, | ) ) ) ) | |
| *Plaintiff,* | ) ) | No. 2026CH05573 |
| v. | ) ) | Hon. |
| INVITAE CORPORATION, a Delaware corporation, | ) ) ) | |
| *Defendant.* | ) ) ) | |

**CLASS ACTION COMPLAINT WITH JURY DEMAND**

Plaintiff B.W., by and through his Guardian, Julie Wiess, individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant Invitae Corporation ("Defendant" or "Invitae") for its violations of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.* ("GIPA"), and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

**INTRODUCTION**

1. This case concerns the illegal disclosure of tens of thousands of individuals' genetic information to Laboratory Corporation of America Holdings. ("Labcorp"), a healthcare diagnostics and laboratory services company, that acquired Defendant Invitae, a genetic testing company, in 2024. As part of the acquisition process Defendant has violated Plaintiff's and the other Class members' rights arising under GIPA to prevent disclosure of their immutable genetic information to unauthorized third-parties without their written consent.

1

2. GIPA defines "genetic information" as information pertaining to: (i) the individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a disease or disorder in family members of such individual; or (iv) any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual.

3. GIPA provides that entities, such as Defendant, may not release and/or disclose genetic testing and information derived from genetic testing to anyone other than the individual tested or to persons specifically authorized in writing in accordance with the Act. See 410 ILCS 513/15(a).

4. Compliance with GIPA is straightforward and may be accomplished through a single, signed sheet of paper or its electronic equivalent. GIPA's requirements bestow a right to privacy in one's genetic information and a right to prevent the disclosure of such information without their consent.

5. In enacting GIPA, the Illinois legislature recognized that "[d]espite existing laws, regulations, and professional standards which require or promote voluntary and confidential use of genetic testing information, many members of the public are deterred from seeking genetic testing because of fear that test results will be disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner."

6. The Illinois Legislature enacted GIPA because "[t]he public health will be served by facilitating voluntary and confidential nondiscriminatory use of genetic testing information." *Id.* (emphasis added).

7. The deprivation by Defendant of the statutory rights conferred by GIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

2

8.      Plaintiff brings this action for statutory and actual damages, whichever is greater, and other remedies as a result of Defendant's conduct in violating Plaintiff's state genetic privacy rights.

9.      On Plaintiff's own behalf, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with GIPA, as well as an award of damages, including statutory damages under GIPA, to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

10.      Defendant Invitae is a corporation under the laws of the state of Delaware that conducts substantial business throughout Illinois, including in Cook County, Illinois.

11.      At all relevant times, Plaintiff B.W., and his Guardian, Julie Wiess, have been residents of Cook County, Illinois

## JURISDICTION AND VENUE

12.      This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant conducts business within this state and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant failed to request and receive Plaintiff's consent to disclose his genetic information in this District.

13.      Venue is proper in Cook County, Illinois pursuant to 735 ILCS 5/2-101, because Defendant conducts business in Cook County, Illinois, and thus resides there under § 2-102, and because the transactions out of which this cause of action arises occurred in Cook County, Illinois.

3

## COMMON FACTUAL ALLEGATIONS

14.     Prior to bankruptcy, Defendant Invitae was a leading genetic testing company with a large patient base that maintained extensive genomic data assets.

15.     Invitae's consumer genomics business used DNA collected from its customers' blood or saliva to provide its customers with information relating to diagnostic testing or genetics.[1]

16.     On February 13, 2024, Invitae filed for Chapter 11 bankruptcy and requested court approval to sell its assets.[2]

17.     Given Invitae's extensive genetic data assets, LabCorp sought to acquire the company, and on April 30, 2024, Invitae announced an Asset Purchase Agreement with Labcorp.[3]

18.     On August 5, 2024, Labcorp reported that it had fully completed its acquisition of Invitae for $239 million.[4]

19.     Following Labcorp's acquisition of Invitae, Labcorp reported integrating genetic test results from Invitae's patients and stated that the acquisition would enable the use of genetic data to support clinical trials and treatment development. Invitae did not seek consent from its patients prior to sharing their genetic data with Labcorp.[5]

20.     This resulted in the unlawful disclosure of Plaintiff's and the Class' genetic information, and the sharing and/or release of such information to Labcorp and its affiliates, if not other third-parties.

---

[1] https://www.invitae.com/us/individual-faqs/testing

[2] https://www.prnewswire.com/news-releases/invitae-files-for-voluntary-chapter-11-protection-pursues-sale-process-302061304.html

[3] https://www.sec.gov/Archives/edgar/data/1501134/000119312524129432/d827617d8k.htm

[4] https://ir.labcorp.com/news-releases/news-release-details/labcorp-finalizes-acquisition-select-assets-invitae

[5] https://www.prnewswire.com/news-releases/labcorp-finalizes-acquisition-of-select-assets-of-invitae-302214260.html

4

21. Under GIPA, the results of a DNA or genetic test are confidential and the subject of such testing has a right to prevent others from receiving their genetic test results without written consent. 410 ILCS 513/15(a).

22. Thus, releasing, disclosing, or transferring genetic testing and information derived from genetic testing to any person other than the individual tested or to persons specifically authorized, must be in writing in accordance with the Act. *Id.*

23. Following its acquisition, Defendant Invitae released, disclosed and/or transferred Plaintiff's and the other Class Members' genetic test results and associated information to Labcorp without their written consent in violation of GIPA.

24. Labcorp's acquisition of Invitae included acquisition of not just Plaintiff's and the other Class Members' genetic information, but also all of the accompanying information gathered by Invitae, including personal information that can be used to identify Plaintiff and the other Class Members. Such information includes their first and last name, email address, and/or home address (including age and gender in some instances), including Plaintiff's.

25. Defendant Invitae thus violated GIPA by disclosing and/or releasing Plaintiff's and the Class' genetic information without their advance written consent.

**FACTS SPECIFIC TO PLAINTIFF**

26. In or about February 2024, Plaintiff B.W., a minor, through his mother and Guardian, Julie Wiess, was directed to undergo genetic testing by Invitae as part of his treatment at an Advocate Children's health facility in Cook County, Illinois.

27. After his biological sample was sent to Invitae, his genetic material was sequenced by Defendant which then provided his Guardian and clinical team with information derived from his genetic test.

5

FILED DATE: 6/11/2026 12:12 AM 2026CH05573

28. Due to the highly sensitive nature of genetic test results as well as Invitae's representations regarding maintaining the strict privacy of its customers' genetic information, Plaintiff and his Guardian reasonably believed that the only persons who would be provided the results of Plaintiff's genetic testing would be himself, his mother, and their treating medical staff and doctors, and that the information submitted on Plaintiff's behalf to Invitae would be kept confidential, private and secure—and that it would never be received by third parties like Labcorp without his or his mother's written consent.

29. Plaintiff would not have agreed to have his genetic material provided to Invitae if he had known that Defendant would disclose his genetic information without his consent to third-parties other than his Guardian such as Labcorp.

30. Plaintiff B.W., through his mother and Guardian, never consented or otherwise agreed to the release, disclosure or transfer of his genetic information and other personal identifying information to Labcorp.

31. Thus, as a result and through Invitae's acquisition by Labcorp, Defendant illegally disclosed and/or released the genetic information of thousands of Illinois consumers without their written consent, including that of Plaintiff and the other Class members, in violation of GIPA.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows: All Illinois residents whose genetic information was disclosed and/or released by Invitae to Labcorp, according to Invitae's records.

33.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

34.     Upon information and belief, there are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

35.     Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members of the Class are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's GIPA violations.

36.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

a.     Whether Defendant's conduct is subject to GIPA;

b.     Whether Defendant disclosed Plaintiff's and the other Class members' genetic information in violation of GIPA;

c.     Whether Defendant released Plaintiff's and the other Class members' genetic information to Labcorp and other third-parties in violation of GIPA;

d.     Whether Defendant obtained written authorization from Plaintiff and the other Class members before disclosing or releasing their genetic information;

e.     Whether Defendant's violations of GIPA were willful or reckless;

7

f. Whether Defendant's violations of GIPA were negligent;

g. Whether Plaintiff and the Class are entitled to damages and injunctive relief.

37. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

38. Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel has any interest adverse to those of the other members of the Class.

39. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
### Violations of the Illinois Genetic Information Privacy Act, 410 ILCS 513, *et seq.*
### (On behalf of Plaintiff and the Class)

40. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41. Defendant Invitae is a corporation and, therefore, a "person" under 410 ILCS 513/10.

42. Plaintiff and the Class obtained "genetic test[s]" and received the results of such tests from Invitae.

8

43.     Plaintiff and the Class also provided accompanying personal identifying information, including their full names, email address, and/or home addresses (including age and gender in some instances) to Invitae.

44.     The information obtained from Plaintiff and the Class is the type of information protected by GIPA. 410 ILCS 513/10.

45.     Defendant Invitae disclosed and/or released Plaintiff's and the Class members' genetic tests and/or information derived from their genetic tests, along with their accompanying personal identifying information to Labcorp.

46.     Defendant did not receive any written authorization from Plaintiff or the other Class members to disclose and/or release their genetic test results and information derived therefrom, including their personal identifying information, as mandated by 410 ILCS 513/15(a) and 410 ILCS 513/30(a)(2).

47.     Plaintiff and the other Class members have been aggrieved by Defendant's violations of their statutorily protected rights to privacy in their genetic information as set forth in GIPA when Defendant disclosed and/or released their statutorily protected genetic information without their consent to Labcorp.

48.     GIPA provides for statutory damages of $15,000 for each willful and/or reckless violation of GIPA or actual damages – whichever is greater – and, alternatively, damages of $2,500 for each negligent violation of GIPA or actual damages – whichever is greater. 410 ILCS 513/40(a)(3).

49.     Accordingly, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

9

FILED DATE: 6/11/2026 12:12 AM   2026CH05573

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff B.W., by and through his guardian, Julie Wiess, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate GIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with GIPA;

d. Awarding statutory damages of $15,000 for each willful and/or reckless violation of GIPA or actual damages – whichever is greater – pursuant to 410 ILCS 513/40(a)(3);

e. Awarding statutory damages of $2,500 for each negligent violation of GIPA or actual damages – whichever is greater – pursuant to 410 ILCS 513/40(a)(3);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 410 ILCS 513/40(a)(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: June 11, 2026

Respectfully submitted,

B.W., a Minor, through his Guardian, JULIE WIESS, individually and on behalf of similarly situated individuals

By:     /s/ Eugene Y. Turin

*One of Plaintiff's Attorneys*

10

Eugene Y. Turin
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com

Robert K. Shelquist (*pro hac vice* to be filed)
CUNEO GILBERT & LaDUCA, LLP
5775 Wayzata Blvd., Suite 620
St. Louis Park, MN 55416
Tel: (612) 254-7288
rshelquist@cuneolaw.com

*Attorneys for Plaintiff and the Putative Class*

11